UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>MITZI BALBONA, et al.,<br><br>Defendants. | Case No. 25-cv-04215-JST<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Correctional Training Facility ("CTF"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's complaint, ECF No. 1. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

7  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9  U.S. 42, 48 (1988).

**B.    Complaint**

The complaint names as defendants CTF doctor Mitzi Balhona and nurse Guillermo Cerda. The complaint makes the following allegations. On September 4, 2023, Plaintiff felt something pop in his right leg and immediately felt extreme pain. Plaintiff believed that something was broken, and that he should be given an x-ray or MRI to properly diagnose his condition and be immediately sent to an outside hospital for treatment. However, CTF Triage and Treatment Area ("TTA") medical staff told him, "You're a grown man, you'll be okay," and gave him crutches and three Tylenol. Plaintiff was not provided with an x-ray until a week later on September 11, 2023. Upon seeing his x-ray, the x-ray technician instructed CTF TTA to have Plaintiff sent to an outside hospital, where Plaintiff learned that his leg was broken and that he required surgery. Defendants Balhona and Cerda's treatment of Plaintiff's fractured knee constituted deliberate indifference, gross negligence, cruel and unusual punishment, and delay of necessary medical treatment. *See generally* ECF No. 4.

**C.    Dismissal with Leave to Amend**

Liberally construed, the allegation that Plaintiff informed CTF TTA staff that he had a broken leg that required an X-ray or MRI and treatment at an outside hospital, but was only provided crutches and Tylenol and an x-ray date a week later states a cognizable Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However, the Court dismisses the complaint with leave to

1   amend because it is unclear how the named defendants - doctor Mitzi Balhona and nurse
2   Guillermo Cerda – were involved in the denial or delay of treatment.  It is unclear if doctor Mitzi
3   Balhona and nurse Guillermo Cerda were the CTF TTA staff who failed to secure Plaintiff timely
4   treatment on September 4, 2023, or if Plaintiff is alleging that doctor Mitzi Balhona and nurse
5   Guillermo Cerda provided inadequate treatment for the fractured knee subsequent to the x-ray.
6   *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to
7   amend even if no request to amend the pleading was made, unless it determines that the pleading
8   could not possibly be cured by the allegation of other facts") (citation and internal quotation marks
9   omitted).
10       To assist Plaintiff in preparing an amended complaint, the Court reviews the elements of
11  an Eighth Amendment deliberate indifference to serious medical needs claim.  A determination of
12  "deliberate indifference" involves an examination of two elements: the seriousness of the
13  prisoner's medical need and the nature of the defendant's response to that need.  *See McGuckin v.*
14  *Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX*
15  *Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A "serious" medical
16  need exists if the failure to treat a prisoner's condition could result in further significant injury or
17  the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429
18  U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner faces a
19  substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate
20  it.  *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  "A difference of opinion between a prisoner-
21  patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."
22  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).  Similarly, a showing of nothing more
23  than a difference of medical opinion as to the need to pursue one course of treatment over another
24  is insufficient, as a matter of law, to establish deliberate indifference.  *See Toguchi v. Chung*, 391
25  F.3d 1051, 1058-60 (9th Cir. 2004).  A claim of medical malpractice or negligence is insufficient
26  to make out a violation of the Eighth Amendment.  *Id.* at 1060-61.

## CONCLUSION

28  For the foregoing reasons, the Court DISMISSES the complaint with leave to amend.

3

1   Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint
2   that addresses the identified deficiencies.  The amended complaint must include the caption and
3   civil case number used in this order, Case No. 25-cv-04215 JST (PR) and the words "AMENDED
4   COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the
5   questions on the form in order for the action to proceed.  An amended complaint completely
6   replaces the previous complaints.  *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).
7   Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present
8   and all of the defendants he wishes to sue, and may not incorporate material from the prior
9   complaint by reference.  Failure to file an amended complaint in accordance with this order in the
10  time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk
11  shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: September 2, 2025

JON S. TIGAR
United States District Judge